UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

PAULINA BROOKE BURDINE,  )
                          )
        Plaintiff,        )        Case No. 3:17-cv-00093-GFVT
                          )
V.                        )
                          )        **MEMORANDUM OPINION**
METROPOLITAN DIRECT PROPERTY  )        **&**
AND CASUALTY INSURANCE     )        **ORDER**
COMPANY,                   )
                          )
        Defendant.        )

                    ***   ***   ***   ***

Plaintiff Paulina Brooke Burdine originally filed this lawsuit against defendant

Metropolitan Direct Property and Casualty Insurance Company (hereinafter "MetDirect") in

Franklin Circuit Court in October, 2017.  [*See* R. 1.]  MetDirect removed the proceedings to this

Court pursuant to 28 U.S.C. § 1332.  *Id.*  Ms. Burdine asserts two claims against MetDirect

stemming from two separate automobile accidents.  In July 2018, MetDirect moved to sever

these claims or, in the alternative, bifurcate the proceedings.  [R. 20.]  Ms. Burdine subsequently

filed a Response to MetDirect's motion, and MetDirect filed a Reply to that Response. [R. 21; R.

25.]  For the following reasons, MetDirect's Motion to Sever or Bifurcate [R. 20] is **DENIED.**

                              **I**

Ms. Burdine initiated this lawsuit in the wake of two separate automobile accidents. [*See*

R. 1.]  Collision one took place in Scott County, Kentucky when Sandy Strong ran a red light

and struck Ms. Burdine's vehicle.  *Id.*  Ms. Strong admitted fault, and her insurance policy paid

Ms. Burdine to its limits.  *Id.*  Collision two took place in Fayette County, Kentucky when

Phillip Smith failed to yield the right of way to Ms. Burdine and struck her vehicle.  *Id.*  Again,

1

Mr. Smith admitted fault and his insurance paid Ms. Burdine to its limits. *Id.* At all relevant times, Ms. Burdine carried Underinsured Motorist Insurance from MetDirect. *Id.*

On both occasions, the drivers carried only $25,000 in liability insurance. *Id.* Ms. Burdine alleges that her medical expenses from each accident exceed the $25,000 that she received from the other drivers' insurance policies. *Id.* Ms. Burdine now wishes to collect compensation from MetDirect, her own insurance carrier, because her hospital expenses are in excess of what she received from the policies of the other drivers. *Id.*

## II

### A

Joinder of claims is governed by Federal Rule of Civil Procedure 18, which states "a party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative clams, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). The scope of Rule 18(a) is well settled: "The claims which may properly be joined under Rule 18(a) include those which arise out of separate and independent transactions or occurrences, as well as those which arise out of a single transaction or occurrence." *MGD Graphic Sys., Inc. v. A & A Bindery, Inc.*, 76 F.R.D. 66, 67–68 (E.D. Pa. 1977).

MetDirect argues that Ms. Burdine's claims against it are improperly joined in a single action and should be severed. [R. 20.] In support of its position, MetDirect cites Federal Rule of Civil Procedure 20(a)(2), which governs the joinder of parties. *See* Fed. R. Civ. P. 20(a)(2). But this is the wrong rule. "Rule 20 deals solely with joinder of parties and becomes relevant only when there is more than one party on one or both sides of the action. It is not concerned with joinder of claims, which is governed by rule 18." *Procter v. Applegate*, 661 F. Supp.2d 743, 778 (E.D. Mich. 2009).

MetDirect is correct that Ms. Burdine has asserted two separate claims involving two separate, negligent drivers. [*See* R. 20.] In its motion, MetDirect tries to analogize this suit to one against two separate, negligent drivers, and argues that Ms. Burdine will have to prove their negligence to recover at trial. *Id.* But Ms. Burdine has not sued these drivers in negligence. Rather, she is suing MetDirect in contract, and whatever evidence of the drivers' negligence Ms. Burdine will have to show at trial, those drivers are not defendants. There is but one defendant in this action—MetDirect—and Ms. Burdine has two claims against that defendant. As such, Ms. Burdine's claims are properly joined under Rule 18(a). Whether or not Ms. Burdine could have sued the individual drivers for negligence in a single action is irrelevant.

**B**

While Ms. Burdine's claims are properly joined against MetDirect under Rule 18, the Court may sever them if inconvenience would result "from trying two. . . matters together which have little or nothing in common." *Thompson Thrift Constr., Inc. v. Hyman Plumbing Co.*, 2013 U.S. Dist. LEXIS 96844, *7 (E.D. Ky. 2013). However, "the joinder of claims is strongly encouraged, and, concomitantly, severance should generally be granted only in 'exceptional circumstances.'" *Compania Embotelladora del Pacifico, S.A. v. Pepsi Cola Co.*, 256 F.R.D. 133, 133 (S.D.N.Y 2009) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966); *Hatfield v. Herz*, 9 F. Supp.2d 368, 373 (S.D.N.Y. 1998)).

Rule 42 governs the bifurcation of civil trials. *See* Fed. R. Civ. P. 42(b). It states in relevant part, "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." *Id.* "Bifurcation may be appropriate 'where the evidence offered on two different issues will be wholly distinct. . . .'" *Wise v. Pine Tree Villa, LLC*, 2015 U.S. Dist. LEXIS 29704,

* 4 (W.D. Ky. 2015) (citing *Athridge v. Aetna Cas & Sur. Co.*, 604 F.3d 625, 635 (D.D.C. 2010)). The movant has the burden of proving the appropriateness of bifurcation. *Id.*

MetDirect argues that bifurcation is necessary to avoid confusing the jury. [R. 20.] Specifically, MetDirect is concerned that "the commingling of Plaintiff's claimed damages will . . . render it difficult, if not impossible, for the jury to accurately determine the amount of damages attributable to each incident," which would prejudice MetDirect. *Id.* But this is a problem that cannot be avoided even with bifurcation. Ms. Burdine's collisions occurred approximately ten months apart. [R. 1.] Ms. Burdine was still rehabilitating injuries from collision one when she was involved in collision two. *Id.* At the very least, a jury assessing damages resulting from collision two will be forced to consider collision one to try and distinguish what harm is attributable solely to the second collision.

In fact, the greater risk of prejudice lies with Ms. Burdine should the Court sever these claims. To do so would force Ms. Burdine to participate in two lawsuits, greatly increasing her costs particularly with respect to medical expert testimony to her injuries. Likewise, the Court would be burdened both by the time and expense of separate proceedings in this instance. Further, as counsel for Ms. Burdine aptly puts in the Response to Defendant's Motion to Sever [R. 21]:

> [I]f two trials are held, then at each trial Defendant could attempt to blame plaintiff's injuries on the other collision. If such tactic were successful, there is the possibility that *each* jury could decided to attribute all of Plaintiff's injures to the other collision… and award Plaintiff nothing. . . when in fact all of Plaintiff's injuries are attributable to the two collisions.

Finally, the evidence offered on these two claims would not be "wholly inconsistent" such that bifurcation is necessary. *See Wise v. Pine Tree Villa, LLC*, 2015 U.S. Dist. LEXIS 29704, * 4 (W.D. Ky. 2015). The insurance companies of the other drivers, Ms. Strong and Mr.

Smith, have already paid Ms. Burdine to the limit of their policies. [R. 1.] The larger issue at trial, then, will not be their negligence, but whether the damages Ms. Burdine suffered exceed the $25,000.00 offered under the other drivers' respective policies. Therefore, no reason exists to bifurcate these issues at trial.

## III

In sum, Ms. Burdine has properly joined her claims, which sound in contract, against single defendant MetDirect. This issue is controlled by Federal Rule of Civil Procedure 18, and Rule 20 has no applicability here. Further, MetDirect will not be prejudiced by trying these claims together. On the contrary, the risk of prejudice to Ms. Burdine is high should her claims be severed, and severance would not convenience, expedite or economize the proceedings. *See* Fed. R. Civ. P. 42(b).

For the foregoing reasons and being otherwise sufficiently advised, the Court hereby **ORDERS** as follows:

    1. Defendant MetDirect's Motion to Sever or Bifurcate Automobile Accident Claims [R. 20] is **DENIED.**

This 1st day of November, 2018.

Gregory F. Van Tatenhove
United States District Judge